UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES RICHARD McCUTCHEN, | |
| Plaintiff, | Case No. 3:16-cv-00763 |
| v. | Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |
| SUMNER COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

**MEMORANDUM ORDER**

On July 23, 2018, the Magistrate Judge ordered Defendants Sonny Weatherford, Sonya Troutt, Tim Adcock, and Michael Copeland (the Sumner Defendants) and Defendant Southern Health Partners to make a good-faith effort to identify the late Plaintiff James Richard McCutchen's successor or representative and to serve any identified person with a suggestion of death in compliance with Federal Rule of Civil Procedure 4. (Doc. No. 58.) On August 14, 2018, the defendants notified the Court that they had identified two women who they believe could be McCutchen's mother and sister and that they successfully served the mother, but not the sister, by certified mail. (Doc. No. 59.) Because the defendants have not yet served the suggestion of death on the woman whom they have identified as McCutchen's sister, the defendants will be ORDERED to effect service on her in compliance with Rule 4.

I.  **Factual and Procedural Background**

McCutchen filed this civil rights action under 42 U.S.C. § 1983 on April 21, 2016, alleging that, while he was housed as a pre-trial detainee at the Sumner County Jail, he was denied recreation, access to the media, and proper medical care, and further alleging that he was assaulted

by several sheriff's deputies on September 2, 2015. (Doc. No. 1.) The defendants answered McCutchen's complaint (Doc. Nos. 14, 22), the Court issued a scheduling order (Doc. No. 27), and the parties began discovery. On November 17, 2017, the Court stayed this action pending the conclusion of related criminal proceedings against McCutchen. (Doc. No. 55.)

On May 16, 2018, the defendants jointly filed a suggestion of death, notifying the Court that McCutchen passed away on May 14, 2018. (Doc. No. 57.) As documentation, the defendants filed a copy of the Tennessee Department of Correction's Felony Offender Information Look Up record for McCutchen, which lists his supervision status as "deceased." (Doc. No. 57-1.) On July 23, 2018, the Magistrate Judge ordered the defendants to make a good-faith effort to identify McCutchen's successor or representative and serve him or her with the suggestion of death in compliance with the Federal Rules of Civil Procedure. (Doc. No. 58.) The defendants were ordered to notify the Court of the status of their efforts by August 15, 2018. (*Id.*)

On August 14, 2018, the defendants filed a joint notice stating that they contacted the "Sumner and Davidson County probate courts to ascertain if an estate was opened in Plaintiff's name" and that "[n]o estate was found." (Doc. No. 59, PageID# 204.) The defendants then searched McCutchen's jail record for any listed relatives and "conducted a person search using Plaintiff's name on LexisNexis." (*Id.* at PageID# 205.) As a result of these efforts, the defendants identified two possible successors: "Wanda McCutchen (believed to be Plaintiff's mother) and Deborah Reecer (believed to be Plaintiff's sister)." (*Id.*) On July 31, 2018, the defendants sent letters via certified mail to Ms. McCutchen and Ms. Reecer at what appear to be residential addresses in Tennessee, attaching copies of the suggestion of death, Plaintiff's complaint, and the Court's July 23, 2018 order. (*Id.*) Ms. McCutchen signed a return receipt for the letter on August 2, 2018. (Doc.

2

No. 59-2.) The post office was unable to deliver the letter to Ms. Reecer. (Doc. No. 59.) The defendants state that they received no response from Ms. McCutchen or Ms. Reecer. (*Id.*)

## II.    Legal Standard

Federal Rule of Civil Procedure 25 provides that:

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). As the Court explained in its prior order, Rule 25 thus establishes a two-step procedure "that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party." *Lawson v. Cty. of Wayne*, No. 11-11163, 2012 WL 5258216, at *2 (E.D. Mich. Oct. 23, 2012) (quoting *Gruenberg v. Maricopa Cty. Sheriff's Office*, No. 06-0397, 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008)). First, the notice of death must be filed on the record. *Id.* Second, the notice must be served on all parties in accordance with Rule 5 and all non-parties in accordance with Rule 4. *Id.*; Fed. R. Civ. P. 25(a)(3).

As relevant here, Federal Rule of Civil Procedure Rule 4(e) sets forth several avenues for serving an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e). Rule 4(e)(1) provides that service may be made by "following state law for serving a summons . . . in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Service of a suggestion of death on a non-party may also be effected under Rule 4(e)(2) by:

**(A)** delivery a copy of the [notice] to the individual personally;

**(B)** leaving a copy of [the notice] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

3

> **(C)** delivery a copy of [the notice] to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

**III.   Analysis**

The defendants have not assert that they have served either Ms. McCutchen or Ms. Reecer in compliance with Rule 4. (Doc. No. 59.) Instead, they state that they have made "a good faith effort to locate Plaintiff's successors or representatives and that *at least one of them has been notified of the Joint Suggestion of Death*." (*Id.* at PageID# 205 (emphasis added).) Notice, however, is not what Rule 25 or this Court's Order require. Consequently, the Court must determine whether the defendants have served Ms. McCutchen and Ms. Reecer in compliance with Rule 4.

It appears that the defendants' service of the suggestion of death on Ms. McCutchen complies with Rule 4(e)(1). Tennessee Rule of Civil Procedure 4.04(10) provides for service by mail, Tenn. R. Civ. P. 4.04(10), and Tennessee courts permit service of a suggestion of death in this manner, *see Dry v. Steele*, No. E2013-00291-COA-R3-CV, 2014 WL 295777, at *4 (Tenn. Ct. App. Jan. 28, 2014) (holding that suggestion of death mailed to and received by decedent's surviving spouse was properly served under Tenn. R. Civ. P. 25.01).

However, the defendants concede that Ms. Reecer has not yet been served with the suggestion of death. (Doc. No. 59.) They state that "[s]ervice was attempted on Ms. Reecer but was unsuccessful." (*Id.* at PageID# 205.) They have not explained why no further service attempts were made. Having identified Ms. Reecer as a potential successor to Plaintiff's claims, the defendants must serve her in compliance with Rule 4 or attest to the Court that such service is not possible.

**IV.     Conclusion**

For these reasons, the defendants are ORDERED to file a notice by May 13, 2019, demonstrating that service of the suggestion of death has been effected on Deborah Reecer in compliance with Federal Rule of Civil Procedure 4 or providing an update regarding the status of their efforts to effect such service.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge